# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### FORT MYERS DIVISION

**UNITED STATES OF AMERICA**

v.

**ELIGIO CARDET**

Case Number: 2:19-cr-142-FtM-38MRM

USM Number: 72586-018

Date of Original Judgment: December 11, 2019
Date of First Amended Judgment: December 18, 2019

Douglas Molloy, Retained
1411 Bayview Ct
Ft Myers, FL 33901

## SECOND AMENDED[1]
## JUDGMENT IN A CRIMINAL CASE

Defendant pleaded guilty to Count One of the Information. Defendant is adjudicated guilty of this offense:

| Title & Section | Nature of Offense | Date Offense Concluded | Count Number(s) |
|---|---|---|---|
| 18 U.S.C. § 641 | Theft of Government Money or Property | April 2019 | One |

Defendant is sentenced as provided in pages 2 through 5 of this judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

**IT IS ORDERED** that Defendant must notify the United States Attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs and special assessments imposed by this judgment are fully paid. If ordered to pay restitution, the defendant shall notify the court and United States Attorney of any material change in the defendant's economic circumstances.

Date of Imposition of Judgment:

December 9, 2019

*/s/ Sheri Polster Chappell*
SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

March 13, 2020

---

[1] Amended only to reflect the modification of the firearm provision as per the Court's Order of February 7, 2020 (Doc. 41).

AO 245C (Rev. 09/19) Amended Judgment in a Criminal Case

Eligio Cardet
2:19-cr-142-FtM-38MRM

# PROBATION

Defendant is hereby placed on probation for a term of **3-YEARS**.

## MANDATORY CONDITIONS

1. Defendant must not commit another federal, state or local crime.
2. Defendant must not unlawfully possess a controlled substance.
3. Defendant must refrain from any unlawful use of a controlled substance. Defendant must submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, as determined by the court.
   - The above drug testing condition is suspended, based on the court's determination that you pose a low risk of future substance abuse.
4. Defendant shall cooperate in the collection of DNA, as directed by the probation officer.
5. Defendant must make restitution in accordance with 18 U.S.C. §§ 2248, 2259, 2264, 2327, 3663, 3663A and 3664. or any other statute authorizing a sentence of restitution.
6. Defendant must pay the assessment imposed in accordance with 18 U.S.C. § 3013.
7. If this judgment imposes a fine, Defendant must pay in accordance with the Schedule of Payments sheet of this judgment.
8. Defendant must notify the court of any material change in your economic circumstances that might affect Defendant's ability to pay restitution, fines, or special assessments.

Defendant must comply with the standard conditions that have been adopted by this court as well as with any other conditions on the attached page.

Eligio Cardet
2:19-cr-142-FtM-38MRM

# STANDARD CONDITIONS OF SUPERVISION

As part of Defendant's probation, Defendant must comply with the following standard conditions of supervision. These conditions are imposed because they establish the basic expectations for Defendant's behavior while on supervision and identify the minimum tools needed by probation officers to keep informed, report to the court about, and bring about improvements in Defendant's conduct and condition.

1. Defendant must report to the probation office in the federal judicial district where Defendant is authorized to reside within 72 hours of the time Defendant was sentenced, unless the probation officer instructs Defendant to report to a different probation office or within a different time frame.
2. After initially reporting to the probation office, Defendant will receive instructions from the court or the probation officer about how and when Defendant must report to the probation officer, and Defendant must report to the probation officer as instructed.
3. Defendant must not knowingly leave the federal judicial district where Defendant is authorized to reside without first getting permission from the court or the probation officer.
4. Defendant must answer truthfully the questions asked by Defendant's probation officer.
5. Defendant must live at a place approved by the probation officer. If Defendant plans to change where Defendant lives or anything about Defendant's living arrangements (such as the people you live with), Defendant must notify the probation officer at least 10 days before the change. If notifying the probation officer in advance is not possible due to unanticipated circumstances, Defendant must notify the probation officer within 72 hours of becoming aware of a change or expected change.
6. Defendant must allow the probation officer to visit Defendant at any time at Defendant's home or elsewhere, and Defendant must permit the probation officer to take any items prohibited by the conditions of your supervision that he or she observes in plain view.
7. Defendant must work full time (at least 30 hours per week) at a lawful type of employment, unless the probation officer excuses Defendant from doing so. If Defendant does not have full-time employment Defendant must try to find full-time employment, unless the probation officer excuses Defendant from doing so. If Defendant plans to change where Defendant works or anything about Defendant's work (such as Defendant's position or Defendant's job responsibilities), Defendant must notify the probation officer at least 10 days before the change. If notifying the probation officer at least 10 days in advance is not possible due to unanticipated circumstances, Defendant must notify the probation officer within 72 hours of becoming aware of a change or expected change.
8. Defendant must not communicate or interact with someone you know is engaged in criminal activity. If Defendant knows someone has been convicted of a felony, Defendant must not knowingly communicate or interact with that person without first getting the permission of the probation officer.
9. If Defendant is arrested or questioned by a law enforcement officer, Defendant must notify the probation officer within 72 hours.
10. Defendant must not own, possess, or have access to a firearm, ammunition, destructive device, or dangerous weapon (i.e., anything that was designed, or was modified for, the specific purpose of causing bodily injury or death to another person such as nunchakus or tasers). **See firearm and ammunition provision in the "*Additional Conditions of Probation*" Section of this Second Amended Judgment.
11. Defendant must not act or make any agreement with a law enforcement agency to act as a confidential human source or informant without first getting the permission of the court.
12. If the probation officer determines that Defendant poses a risk to another person (including an organization), the probation officer may require Defendant to notify the person about the risk and Defendant must comply with that instruction. The probation officer may contact the person and confirm that Defendant has notified the person about the risk.
13. Defendant must follow the instructions of the probation officer related to the conditions of supervision.

## U.S. Probation Office Use Only

A U.S. probation officer has instructed me on the conditions specified by the court and has provided me with a written copy of this judgment containing these conditions. For further information regarding these conditions, see *Overview of Probation and Supervised Release Conditions*, available at: www.uscourts.gov.

Defendant's Signature:_____   Date:_____

AO 245C (Rev. 09/19) Second Amended Judgment in a Criminal Case

Eligio Cardet
2:19-cr-142-FtM-38MRM

## ADDITIONAL CONDITIONS OF PROBATION

Defendant shall also comply with the following additional conditions of probation:

- Defendant shall participate in the Home Detention program for a period of 180 days. During this time, Defendant will remain at Defendant's place of residence except for employment and other activities approved in advance by the Probation Office. Defendant will be subject to the standard conditions of Home Detention adopted for use in the Middle District of Florida, which may include the requirement to wear an electronic monitoring device and to follow electronic monitoring procedures specified by the Probation Office. Further, Defendant shall be required to contribute to the costs of these services not to exceed an amount determined reasonable by the Probation Office based on Defendant's ability to pay.
- Defendant shall participate in a mental health treatment program (outpatient and/or inpatient) and follow the probation officer's instructions regarding the implementation of this court directive. Further, Defendant shall contribute to the costs of these services not to exceed an amount determined reasonable by the Probation Office's Sliding Scale for Mental Health Treatment Services.
- Defendant shall be prohibited from incurring new credit charges, opening additional lines of credit, or making an obligation for any major purchases without approval of the Probation Officer. Defendant shall provide the probation officer access to any requested financial information.
- You shall provide the probation officer access to any requested financial information.
- The defendant is permitted to possess and access firearms and ammunition issued by the United States Army, while on military case or during military operations, assignments, or executing another military order.

Eligio Cardet
2:19-cr-142-FtM-38MRM

# CRIMINAL MONETARY PENALTIES

Defendant shall pay the following total criminal monetary penalties under the schedule of payments set forth in the Schedule of Payments.

| | Assessment | Restitution | Fine | AVAA Assessment[2] | JVTA Assessment[3] |
|---|---|---|---|---|---|
| **TOTALS** | $100.00 | $41,953.00 | $4,000.00 | $0.00 | $0.00 |

Defendant shall make restitution (including community restitution) to the following payees in the amount listed below.

If Defendant makes a partial payment, each payee shall receive an approximately proportioned payment, unless specified otherwise in the priority order or percentage payment column below. However, pursuant to 18 U.S.C. § 3664(i), all nonfederal victims must be paid in full prior to the United States receiving payment.

| Name of Payee | Total Loss[4] | Restitution Ordered | Priority of percentage |
|---|---|---|---|
| Social Security Administration Management Unit Attn: Court Refund P.O. Box 2861 Philadelphia, PA 19122 | $41,953.00 | $41,953.00 | 100 |

## SCHEDULE OF PAYMENTS

Special assessment shall be paid in full and is due immediately.

Having assessed Defendant's ability to pay, payment of the total criminal monetary penalties is due as follows:

**Payment due immediately.**

Unless the court has expressly ordered otherwise in the special instructions above, if this judgment imposes a period of imprisonment, payment of criminal monetary penalties shall be due during the period of imprisonment. All criminal monetary penalties, except those payments made through the Federal Bureau of Prisons' Inmate Financial Responsibility Program, are made to the clerk of the court, unless otherwise directed by the court, the probation officer, or the United States attorney.

Defendant shall receive credit for all payments previously made toward any criminal monetary penalties imposed.

Payments shall be applied in the following order: (1) assessment, (2) restitution principal, (3) restitution interest, (4) AVAA assessment, (5) fine principal, (6) fine interest, (7) community restitution, (8) JVTA assessment, (9) penalties, and (10) costs, including cost of prosecution and court costs.

## FORFEITURE

Defendant shall forfeit to the United States those assets previously identified in the Order of Forfeiture that are subject to forfeiture.

---

[2] Amy, Vicky, and Andy Child Pornography Victim Assistance Act of 2018, Pub. L. No. 115-299.
[3] Justice for Victims of Trafficking Act of 2015, Pub. L. No. 114-22.
[4] Findings for the total amount of losses are required under Chapters 109A, 110A, and 113A of Title 18 for offenses committed on or after September 13, 1994, but before April 23, 1996.

AO 245C (Rev. 09/19) Second Amended Judgment in a Criminal Case