UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

UNITED STATES OF AMERICA

v.                                              CASE NO.: 2:19-cr-142-FtM-38MRM

ELIGIO CARDET

## ORDER[1]

Before the Court are various supplements (Docs. 54; 55; 56; 58; 59) filed by Defendant Eligio Cardet to the Court's Order (Doc. 53) on his Amended Motion to Allow Defendant to Attend Reserve Duty and Training (Doc. 46). Taken together, Cardet seeks a limited suspension of his probation while he is deployed overseas with the United States Army. The Government responded, setting forth its position opposing Cardet's request. (Doc. 60). On the extremely unique circumstances of this case, the Court finds good cause to grant Cardet's request as long as certain conditions are met. Cardet may report for deployment (after providing documentation), then serve and complete all remaining conditions of the sentence upon his return home.

To start, it's necessary to take a step back and look at the whole picture. Cardet is convicted of a serious crime: stealing money from the United States. His sentence is fitting for that offense, and Cardet will complete each part of the sentence—including repayment of every cent that he took. Now, Cardet seeks to suspend his probation for a brief time to serve the United States through military service (i.e., deployment for active

---

[1] Disclaimer: Documents hyperlinked to CM/ECF are subject to PACER fees. By using hyperlinks, the Court does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide. The Court is also not responsible for a hyperlink's availability and functionality, and a failed hyperlink does not affect this Order.

duty in the Army).  With the context in mind, the prospect of temporarily suspending probation to allow Cardet to serve this country seems altogether reasonable.

For months this case went back and forth on whether the sentence will prevent Cardet's service, mostly focused on what documentation the Court needs from the Army. The Court held two hearings on these issues.  And the parties made numerous filings. But in the end, the Army decided to deploy Cardet overseas.  (Doc. 59-1).

For that to happen, the Court must either suspend or terminate Cardet's probation. The Court does not find termination appropriate.  While laudable, Cardet's military service does not excuse any conditions of his sentence.  Suspension, however, is another matter. Given the United States Probation Office's opinion it cannot effectively supervise Cardet during deployment, it is impractical to attempt doing so.  Therefore, the Court finds good cause to suspend Cardet's probation until his return from deployment.  Upon his return, Cardet must notify Probation and file a notice of compliance with the Court.  To be clear, the Court is not modifying or reducing any part of Cardet's sentence.  Rather, it is merely allowing Cardet to serve the United States military before returning home and completing probation (along with any other remaining aspects of the sentence).

While Cardet's request is granted, here are the conditions he must comply with before his deployment.  First, Cardet must update Probation with the contact information for his new commanding officer.  As the Government notes, it appears Cardet's commanding officer changed.  So, he must provide Probation with an updated contact. Second, Cardet must have his new commanding officer contact Probation about the status of the deployment.  And third, Cardet must provide Probation with the final Army orders for his deployment.  Cardet must then file a notice of compliance and any

documentation applicable with the Court.  If Cardet cannot meet any of those requirements, he must notify the Court and file an appropriate motion.

Accordingly, it is now

**ORDERED:**

1. Defendant's request for a limited suspension of his probation during his deployment with the United States Army is **GRANTED subject to the conditions below**.

   a. Defendant must **PROVIDE** the United States Probation Office with the contact information for his new commanding officer **on or before May 29, 2020**.

   b. Defendant must have his new commanding officer **CONTACT** Probation about the status of the deployment **on or before May 29, 2020**.

   c. Defendant must **PROVIDE** Probation with the United States Army's final orders for his deployment **on or before May 29, 2020**.

   d. Defendant must also **FILE** a notice of compliance accompanied by any documentation with the Court **on or before May 29, 2020**.

2. Within **seventy-two (72) hours** of Defendant's return from deployment, he must **NOTIFY** Probation.  Failure to do so could result in the violation of his probation.

**DONE AND ORDERED** in Fort Myers, Florida on this 22nd day of May 2020.

SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

Copies:  Counsel of Record